UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
PARKERSBURG

| | |
|---|---|
| JEFF CORR, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BUREAU OF THE PUBLIC DEBT, )<br>United States Department of the Treasury )<br>)<br>Defendant. )<br>) | Civil Action No. 6:11-cv-0865 |

I, Denise K. Nelson, declare as follows:

1. I am currently the Disclosure Officer at the Bureau of the Public Debt (BPD), United States Department of the Treasury in Parkersburg, West Virginia.

2. In my official capacity as Disclosure Officer, I am responsible for administering the agency's statutory duties under the Privacy Act of 1974.

3. The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

4. Due to the nature of my official duties, I am familiar with the procedures followed by BPD in responding to requests for records from its files pursuant to the provisions of the Privacy Act, 5 U.S.C. § 552a. Specifically, I am aware of the treatment and processing of the Privacy Act requests of Jeff Corr ("Corr"), which sought access to various records covered by the Privacy Act.

5. This declaration is being submitted to provide the court a detailed accounting of the BPD's treatment and processing of Corr's records requests, and to provide the court with the justification for why the requested records were not released under the Privacy Act.

6. On June 13, 2011, Corr submitted a request that stated:

> In accordance with 5 USC 552a(d)(1) and as required per the description of the system of records for "Treasury .002 Grievance Records – Treasury" as documented in the Federal Register, please provide me with all copies of all documents that are or should be in the case file associated with my grievance

reporting misconduct on the part of [MM] and [AY]. Kim McCoy, OIT Assistant Commissioner, was initially notified of this grievance on August 24, 2010, an investigation was initiated by staff in your division on or about November 2, 2010, and according to Tracy Walters a report was issued to Kim McCoy in January 2011.

See Nelson Declaration Attachment 1.

7. Soon thereafter, the undersigned contacted Angela Jones, BPD Director - Human Resources Division, and Tracy Walters, Manager – Policy and Analysis Branch (PAB), in order to determine if Corr ever filed a labor grievance which resulted in the creation of any records that were indexed by and retrieved by Corr's name.

8. Jones and Walters informed the undersigned that Corr never filed a grievance under a negotiated grievance procedure or BPD's administrative grievance procedure, as contemplated under the Treasury .002 System of Records - Grievance Records. Therefore, no responsive records existed.

9. Even though Corr never filed a grievance, Corr's request described the requested record as a record where Corr reported "misconduct on the part of [MM] and [AY]." Viewing the request in the broadest context, a search was performed to see if any such records existed that fit the description of the record in Corr's request.

10. The search was completed and revealed an Administrative Inquiry File regarding an inquiry into [MM] and [AY], which was initiated by Kim McCoy (Assistant Commissioner, Office of Information Technology). This was the only record in BPD's files that appeared to fit the description in Corr's request. Mr. Corr apparently was a witness during the inquiry and provided testimony in the form of a sworn statement to the Labor Relations staff.

11. On June 29, 2011, the BPD responded to Corr, denying his request for records. BPD's response noted that Corr had never filed a grievance, so BPD's search did not reveal any grievance records for Corr that are covered by the Treasury .002 System of Records. BPD also informed Corr that "[e]ntitlement to records under the Privacy Act, without a Privacy Act waiver, must be for records created by the individual or records that are about the individual seeking copies of the records." BPD's response explained the justification for the withholding of records. See Nelson Declaration Attachment 2.

12. In order to fully process Corr's requests, BPD released 2 records (totaling 6 pages) from the Administrative Inquiry File. These documents consisted of the sworn Declaration Corr prepared and provided to the PAB investigators, as well as another document created by Corr and provided to PAB during the investigation.

13. Because both of these documents were created by Corr, and were documents that BPD knew Corr already possessed, the disclosure of these records was appropriate under the circumstances. The remaining documents in the Administrative Inquiry File were not released.

14. On September 13, 2011, Corr filed a second Privacy Act request. The second request for records sought the same records requested in Corr's June 13 request. See Nelson Declaration Attachment 3.

15. Upon reviewing the request, BPD determined that Corr's September 13 request was identical to his June 13 request in both the records requested and the basis of the request. BPD, therefore, deemed the request duplicative.

16. On October 3, 2011, BPD responded to Corr's request. The response informed Corr of BPD's determination that his request was duplicative of his June 13 request, and that the rationale BPD applied to his June 13 request applies to his September 13 request. See Nelson Declaration Attachment 4.

17. BPD acknowledged Corr's right to file a civil suit for judicial review in the United States District Court, pursuant to 5 U.S.C. 552a(g)(1)(B).

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct, to the best of my knowledge, information and belief.

Executed this 30th day of January, 2012.

*Denise K. Nelson*
DENISE K. NELSON
Disclosure Officer
Office of Management Services
Bureau of the Public Debt
United States Department of the Treasury
Parkersburg, West Virginia